No. 90-152

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ARNOLD F. KRUSE and
PATRICIA KRUSE,

       Plaintiffs and Appellants,

  vs.

CASCADE COUNTY, a Municipal
Corporation of the State of
Montana, DICK MICHELOTTI,
Treasurer, Cascade County and
THE DEPARTMENT OF REVENUE,
State of Montana,

       Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Dirk Larsen, Larsen and Neill, Great Falls, Montana

       For Respondents:

       Larry G. Schuster, Department of Revenue, Property
       Assessment Division, Helena, Montana

Submitted on Briefs:  June 14, 1990

Decided:  August 7, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Arnold and Patricia Kruse appeal the judgment of the Eighth Judicial District Court of Cascade County holding that the Montana Department of Revenue and Cascade County had legal authority to impose back taxes on real property owned by the Kruses. Because they did not prevail in their case, the District Court also denied the Kruses' request for attorney's fees and costs pursuant to § 25-10-711, MCA. We affirm the District Court judgment.

Appellants raise two issues for review:

1.    Did the District Court err in finding that the Montana Department of Revenue and Cascade County had the legal authority to correct erroneous assessments upon the Kruses' real property for the tax years 1986 and 1987 pursuant to § 15-8-601, MCA?

2.    Did the District Court err in finding that the appellants were not entitled to an award of attorney's fees and costs pursuant to § 25-10-711, MCA?

Arnold and Patricia Kruse own seven parcels of real property which form a contiguous, irregularly shaped block in Great Falls, Montana. Three of the parcels front 10th Avenue South and four front 11th Avenue South. The property was unimproved and not within the city limits of Great Falls during the tax years at issue.

In 1985 the Department of Revenue (DOR) completed a program of cyclical reappraisals of all taxable real property in Montana. As part of that reappraisal, new appraised values were assigned to the Kruses' property. The Cascade County Appraisal Office determined that property on 10th Avenue South between 26th Street and 34th Street, including the Kruses' property identified as Mark

2

15A, Mark 15B, and Mark 15C, was to be valued at $700 per front foot, and property on 11th Avenue South between 26th Street and 34th Street, including Kruses' property identified as Mark 18, Mark 18A, Mark 18B and Mark 18C, was to be valued at $160 per front foot.

On January 1, 1986, erroneous values were assigned to the Kruses' seven parcels of real property. The three parcels fronting 10th Avenue South as well as the four parcels fronting 11th Avenue South were assigned values of $2,500 per acre rather than the previously determined appraised values as set out above. The erroneous values were carried forward for the 1987 tax year. The Kruses paid their 1986 and 1987 real property taxes based on those erroneous values on time and without protest.

In the spring of 1988, a DOR appraiser discovered that the Kruse property had been erroneously assessed. The Cascade County Appraisal Office then reviewed all properties on 10th Avenue South and found that 42 parcels of property fronting 10th Avenue South had been erroneously assessed. As a result, the DOR and Cascade County set out to correct the erroneous assessments of 10th and 11th Avenues South properties for the tax years 1986 and 1987. To correct the erroneous assessments the Cascade County Treasurer sent supplemental tax bills to the property owners involved. The Kruses received their supplemental tax bill in the amount of $5,316.84 on August 29, 1988 and paid the additional taxes under protest to the Cascade County Treasurer on September 27, 1988.

In their letter of protest the Kruses stated that they had

3

already paid their 1986 and 1987 property taxes in full. They further stated that Cascade County was imposing additional, retroactive taxes unlawfully. The Kruses then brought this suit for return of the taxes paid under protest and for their attorney's fees and costs.

The appellants contend that the actions of the DOR and Cascade County in 1988 amounted to a reappraisal of the properties in question and resulted in an illegal and unlawful imposition of additional retroactive taxes for 1986 and 1987. The DOR and Cascade County maintain that no new appraisal occurred, but the property had been erroneously assessed and § 15-8-601, MCA, grants authority to correct erroneous assessments.

The trial court entered judgment in favor of Cascade County and DOR, stating that the erroneous assessment was simply a clerical error, and ordered the Cascade County Treasurer to disburse the $5,316.84 of taxes which had been paid under protest for the 1986 and 1987 tax years. The Kruses now appeal that judgment.

Issue 1: Authority to Correct Erroneous Assessments

The controlling statute is § 15-8-601, MCA, which reads, in pertinent part:

> (1) Whenever the department of revenue discovers that any taxable property of any person has in any year escaped assessment, been erroneously assessed, or been omitted from taxation, the department may assess the same provided the property is under the ownership or control of the same person who owned or controlled it at the time it escaped assessment, was erroneously assessed, or was omitted from taxation. All such revised

4

> assessments must be made within 10 years after the end of the calendar year in which the original assessment was or should have been made. (Emphasis added.)

The situation presented by this case is subject to § 15-8-601, MCA, and may be remedied as the statute provides. The trial court heard testimony from four staff members of DOR's Cascade County Appraisal Office: Mr. Nick Lazanas, Director during the reappraisal; Mr. George Tyner, the lead commercial appraiser; Mr. Joe Seipel, the current supervisor; and Mr. Tom Pysher, the lead residential appraiser. Their testimony clearly indicated that the value of the Kruse property fronting 10th Avenue South had been established at $700 per front foot and that the value of the Kruses' 11th Avenue South property had been established at $160 per front foot by the 1985 reappraisal, that the erroneous tax assessment of $2,500 per acre was caused by a clerical error, and that no new appraisal was made in 1988.

Erroneous assessments may be corrected if property has been undervalued due to a clerical or appraisal error. Evans Products Co. v. Missoula County (1982), 201 Mont. 337, 654 P.2d 523. Property which has not been fully taxed according to appropriate tax procedures may be properly reassessed pursuant to § 15-8-601, MCA. Blalock v. City of Melstone (1980), 186 Mont. 303, 607 P.2d 545.

We agree with the trial court that the Kruses' seven parcels of real property were erroneously assessed for the tax years 1986 and 1987. The DOR previously determined appraised values of $700 per front foot and $160 per front foot for the Kruses' properties.

5

Due to an error those values were not transmitted to Cascade County's assessment rolls. During 1988 the error was discovered. The DOR did not rely on any new appraisal to correct the prior erroneous assessments. Rather, the DOR clearly adhered to previously determined values which had not been entered upon the tax rolls of Cascade County. The seven Kruse parcels were erroneously assessed within the meaning of § 15-8-601, MCA. The DOR and Cascade County acted properly pursuant to § 15-8-601, MCA, in 1988 by assigning the previously determined values to the Kruse real property.

Issue 2: Attorney's Fees and Costs

The Kruses contend that the DOR's actions amounted to an illegal imposition of back taxes and its defense of the case was frivolous and conducted in bad faith. The Kruses allege they are therefore entitled to their attorney's fees and costs pursuant to § 25-10-711, MCA. In part, the statute reads:

> (1) In any civil action brought by or against the state, a political subdivision, or an agency of the state or a political subdivision, the opposing party, whether plaintiff or defendant, is entitled to the costs enumerated in 25-10-201 and reasonable attorney's fees as determined by the court if:
>
> (a) he prevails against the state, political subdivision, or agency; and
>
> (b) the court finds that the claim or defense of the state, political subdivision, or agency that brought or defended the action was frivolous or pursued in bad faith.
>
> . . .

Section 25-10-711, MCA.

The appellant failed to meet both requirements of § 25-10-711(1), MCA. The Kruses did not prevail against the DOR as required by subsection (a) nor did the trial court find the DOR's defense of the action frivolous or pursued in bad faith as required by subsection (b). The trial court made specific findings of fact that the DOR's defense in this case was meritorious, not frivolous or in bad faith. The trial court concluded that the DOR had an absolute duty to defend and refused to award costs and attorney's fees.

Additionally, § 15-8-115, MCA, requires the DOR to defend any property tax appeal. Where a State agency has a legal duty to provide a defense, there can be no finding of bad faith or a frivolous defense under the statute. Matter of Dearborn Drainage Area (Mont. 1989), 782 P.2d 898, 46 St.Rep. 1925.

We hold that the trial court correctly found that the respondents were not liable for attorney's fees and costs under § 25-10-711, MCA.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

7

Diane G. Barr
_____

_____
Justices